FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2010 AUG -6 P 1: 50

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

ALBERT COREY HUNTER, Pro Se,
Plaintiff,

-vs-

CASE NUMBER_____

3:10-cv-689-J-99mmH-TEM

CITY OF JACKSONVILLE,
HON. JUDGE ELIZABETH SENTERFITT,
STATE ATTORNEY ANGELA COREY,
ASST. STATE ATTY. PETER OVERSTREET,
SHERIFF JOHN H. RUTHERFORD,
DEPUTY SHERIFF "F.L" MATTHEWS,
DEPUTY SHERIFF "F.L" MCKENZIE,
DEPUTY SHERIFF "J.L" CARNEY,
Defendants.

## §1983 AND §1985 CIVIL COMPLAINT

### Jurisdiction

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

§ 1985. Conspiracy to interfere with civil rights
(3) Depriving persons of rights or privileges

1

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws...in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

### Parties to Action

PLAINTIFF-

ALBERT COREY HUNTER, Duval County Pre-Trial Detention Center, 500 E. Adams St., Jacksonville, FL, 32202.
The Plaintiff has suffered direct and personal injuries proximately caused by the Defendants acting within the scope of their individual and collective employment under the color of authority and the law by the virtue of their office, as the Defendants have deprived the Plaintiff of Constitutional Rights in the nature and quality of the intrusion on the Plaintiffs Constitutional interests, and these intrusions exceeded the countervailing governmental interests at stake.

DEFENDANTS-

1.) CITY OF JACKSONVILLE, City Hall address 117 Duval St., Jacksonville, FL, 32202.
Defendant is sued in its *official* capacity.

2.) HON. JUDGE ELIZABETH SENTERFITT, is employed as a "judge" at the 4th Judicial District, Duval County Courthouse, 330 E. Bay St., Jacksonville, FL, 32202.
Defendant is sued in her *official* capacity.

3.) STATE ATTORNEY ANGELA COREY, is employed as a "state attorney" at the 4th Judicial District, Duval County Courthouse, 220 E. Bay St., Jacksonville, FL, 32202.
Defendant is sued in her *official* capacity.

4.) ASST. STATE ATTY. PETER OVERSTREET, is employed as an "assistant state attorney" at the 4th Judicial District, Duval County Courthouse, 220 E. Bay St., Jacksonville, FL, 32202.
Defendant is sued in his *individual* and *official* capacities.

5.) SHERIFF JOHN H. RUTHERFORD, is employed as a "sheriff" at Jacksonville Sheriffs Office, 501 E. Bay St., Jacksonville, FL, 32202.
Defendant is sued in his *official* capacity.

6.) DEPUTY SHERIFF "F.L" MATTHEWS, is employed as a "deputy sheriff" at Jacksonville Sheriffs Office, 501 E. Bay St., Jacksonville, FL, 32202.
Defendant is sued in his *individual* and *official* capacities.

7.) DEPUTY SHERIFF "F.L" MCKENZIE, is employed as a "deputy sheriff" at Jacksonville Sheriffs Office, 501 E. Bay St., Jacksonville, FL, 32202.
Defendant is sued in his *individual* and *official* capacities.

8.) DEPUTY SHERIFF "J.L" CARNEY, is employed as a "deputy sheriff" at Jacksonville Sheriffs Office, 501 E. Bay St., Jacksonville, FL, 32202.
Defendant is sued in his *individual* and *official* capacities.

## Statement of Claim

1.) Deprivation of Life, Liberty and Property without Due Process, in Pretrial Detention Center of Duval County, Jacksonville, Florida, with liability imputed to this municipality through the doctrine of "respondent superior";

2.) The judge is alleged to be civilly liable for acts done without scope of her jurisdiction where the facts with respect to jurisdiction of the court were brought to attention of the judicial officer, about which she could have no doubt, and she knew and was bound to know that on such facts the court over which she presides has had no jurisdiction over the controversy, or of person of accused; where the facts have put this judicial officer on inquiry, and notice was in fact imputed to her as it was made to appear through pretrial proceedings, and that she designedly abstained from such inquiry for purpose of avoiding notice.

Immunity does not apply to protect a judicial officer in cases where such officer causes arrest and detention of person in a proceeding in which such officer is acting without jurisdiction.

3.) Abuse of process causing the wrongful, illegal, malicious, willful and oppressive, without a reasonable or probable cause determination, and in utter disregard of the Plaintiff's legal and Constitutional Rights, caused the illegal rearrest and illegal incarceration of the Plaintiff against his will.

Immunity does not apply to protect a state attorney in cases where such judicial officer causes arrest and detention of person in a proceeding in which such officer is acting without jurisdiction and where the facts have put this state attorney on inquiry; and notice was in fact imputed to her as it was made to appear through pretrial proceedings, and that she designedly abstained from such inquiry for purpose of avoiding notice.

4.) False Imprisonment; Wanton and willfully instituted charges that were estopped by the law of Speedy Trial by Demand; Malicious Prosecution and Abuse of Process- causing the wrongful, illegal, malicious, willful and oppressive, without a reasonable or probable cause determination, and in utter disregard of the Plaintiff's legal and Constitutional Rights, caused the illegal rearrest and illegal incarceration of the Plaintiff against his will.

Immunity does not apply to protect a state attorney in cases where such judicial officer causes arrest and detention of person in a proceeding in which such judicial officer is acting without jurisdiction and where the facts have put this judicial officer on inquiry; and notice was in fact imputed to him as it was made to appear through pretrial proceedings, and that he designedly abstained from such inquiry for purpose of avoiding notice.

5.) Failure to train and properly supervise.

6.) Excessive use of force; Conspiracy to interfere with Civil Rights- conspired for the purpose of impeding, hindering, and obstructing the due cause of justice by virtue of office.

7.) Failure to protect; Conspiracy to interfere with Civil Rights- conspired for the purpose of impeding, hindering, and obstructing the due cause of justice by virtue of office.

8.) Failure to protect; Conspiracy to interfere with Civil Rights; conspired for the purpose of impeding, hindering, and obstructing the due cause of justice by virtue of office.

## Statement of Facts

1.) The Plaintiff was arrested on December 17, 2009 at his place of residence by the Defendants DEPUTY SHERIFF "F.L" MATTHEWS, DEPUTY SHERIFF "J.L" CARNEY, and DEPUTY SHERIFF "F.L" MCKENZIE, and these Defendants as employees of the Jacksonville Sheriffs Office, while acting within the scope and course of their employment and by the virtue of their office did use an excessive amount of force while placing the Plaintiff under arrest by deliberately and intentionally stomping, punching, and doing "knee-drops" to the Plaintiffs "back" and "right hand" causing trauma, bruising, swelling and pain requiring hospitalization and treatment; and the Defendants, in a conspiracy with each other, did use this excessive amount of force unnecessarily, wrongfully, maliciously with the intent to commit harm to the Plaintiff.
The Defendant SHERIFF JOHN H. RUTHERFORD is charged with the knowledge and responsibility of his "deputies" acts, and is deemed to consent in the eyes of the law to all acts performed officially by the deputy, and as a consequence the Defendant SHERIFF JOHN H. RUTHERFORD has liability over the Defendants

DEPUTY SHERIFF "F.L" MATTHEWS, DEPUTY SHERIFF "J.L" CARNEY, and DEPUTY SHERIFF "F.L" MCKENZIE under the doctrine of "respondent superior".

2.) The Plaintiff was rearraigned on charges to which under the law he was to be "forever discharged" due to violation of "speedy trial by demand" and the Defendants HON. JUDGE ELIZABETH SENTERFITT, STATE ATTORNEY ANGELA COREY, and ASST. STATE ATTY. PETER OVERSTREET negligently ignored the statutory Right of the Plaintiff to relief from the violation from "speedy trial by demand" under Rule 3.191- Florida Rules of Criminal Procedure, after being put on notice by the Plaintiff in his "Motion for Discharge" filed on 4/15/10, as the court assumed jurisdiction over a criminal case against the Plaintiff in which such jurisdiction was obviously and legally lacking due to the expiration of speedy trial time, as demonstrated by the previous pleadings in the matter and reflective in the court record.

As such, the Plaintiff has suffered a deprivation of Life, Liberty and Property without Due Process, in Pretrial Detention Center of Duval County, Jacksonville, Florida, through an illegal incarceration along with the hardships of continual pending charges in the circuit court.

### Relief Requested

The Plaintiff seeks relief in the form of *compensatory damage award* in an amount set by the court for financial losses, mental and physical pain and suffering, and illegal incarceration; and, a *punitive damage award* of at least three times the amount of compensatory damage award amount.

I Declare under penalty of perjury that the foregoing is true and correct.

Signed this 28th day of July, 2010

A. Corey Hunter, Pro Se, Plaintiff